```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
LUIS OCASIO,

        Petitioner,

**DECISION AND ORDER**
**No. 09-CV-6592T**

  -vs-

WILLIAM BROWN, SUPERINTENDENT
EASTERN CORRECTIONAL FACILITY

        Respondent.

_____

**I.   Introduction**

*Pro se* petitioner Luis Ocasio ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered May 10, 2004, in New York State, Supreme Court, Erie County (Russell P. Buscaglia, A.J.), convicting him, upon a plea of guilty, of Attempted Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 110.00, 160.15[1], 20.00). Petitioner was sentenced to a term of fifteen years imprisonment and a period of five years post release supervision.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II.  Factual Background and Procedural History**

On October 31, 2003, Petitioner was indicted, along with two co-defendants, and charged with four counts of Robbery in the First Degree and three counts of Assault in the First Degree. <u>See</u>

Resp't A (Indictment No. 04624-2003). The charges arose from an incident that occurred on September 11, 2002, wherein Petitioner and his co-defendants forcibly stole a sum of money from a McDonald's restaurant in the City of Buffalo, New York, and, in the course of the commission of the crime, caused serious physical injury to three individuals who were not participants in the crime. Plea Mins. [P.M.] 8, 11.

On February 17, 2004, Petitioner pleaded guilty in Supreme Court, Erie County to Attempted Robbery in the First Degree. P.M. 12. Petitioner was subsequently sentenced, as promised, to a term of fifteen years imprisonment and a five year period of post release supervision. Sentencing Mins. [S.M.] 9.

The Appellate Division, Fourth Department unanimously affirmed Petitioner's judgment of conviction on July 3, 2008, and leave to appeal was denied. People v. Ocasio, 53 A.D.3d 1111 (4th Dep't 2008) (Resp't Ex. B); lv. denied, 11 N.Y.3d 792 (N.Y. 2008) (Resp't Ex. C).

On or about September 23, 2008, Petitioner moved, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.20, to set aside his sentence. That motion was denied, and leave to appeal was denied. See Resp't Ex. E.

This habeas corpus petition followed, wherein Petitioner seeks relief on the basis that his sentence was illegal. See Pet. ¶ 22A

(Dkt. #1); Reply (Dkt. #6).  Petitioner's claim is exhausted and properly before this Court.

## III. General Principles Applicable to Habeas Review

### A.   The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan

v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state

court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

## IV. Petitioner's Claim

Petitioner claims, as he did in his CPL § 440.20 motion, that his sentence is excessive due to the sentencing court's imposition of the five year period of post release supervision pursuant to Penal Law § 70.45. Specifically, he argues that the period of post release supervision imposed by the sentencing court "violated [his] 6th, 8th, and 14th Amendment rights" because, when combined with the term of imprisonment for the underlying conviction, exceeds the

statutory maximum prison term for the underlying offense.  Pet. ¶ 22A; Reply at 6.  The Erie County Supreme Court denied this claim on the merits, finding that:

> [t]he statutorily authorized sentence for an offender convicted of Attempted Robbery in the First Degree requires a mandatory determinate term of at least three and one-half (3 ½) years and no more than fifteen (15) years (CPL §§ 60.05[4], 70.02[3] and 70.04[3][a]).  Such a determinate sentence automatically includes a five (5) year period of post release supervision (PL §§ 70.00[6] and 70.45[2]).  It is thus patent that the term imposed was legal, valid, and authorized by statute."

See Resp't Ex. D (Dec. of the Erie County Supreme Court (Hon. Russell P. Buscaglia), Ind. No. 2003-04624, dated 02/04/09, at 2).  As discussed below, this claim provides no basis for habeas relief.

The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003).  The Second Circuit has consistently held that "[n]o federal constitutional issue is presented where  . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also Ewing v. California, 538 U.S. 11, 25 (2003).  Here, Petitioner's sentence falls within the permissible statutory range. Therefore, he may not challenge the length of his sentence in the instant proceeding.

The record reflects that Petitioner pleaded guilty to one count of Attempted Robbery in the First Degree, which is a class C violent felony, punishable by a three and one-half years to fifteen years determinate term of imprisonment. P.M. 6; Penal Law § 70.02. Penal Law § 70.45(2) calls for a two and one-half to five year period of post release supervision when a determinate sentence is imposed. Petitioner was sentenced as a second felony offender to a determinate term of fifteen years imprisonment and five years of post release supervision. S.M. 4, 9. This term of imprisonment falls within the range prescribed by New York law. See e.g., Pillco v. Bradt, 2010 U.S. Dist. LEXIS 88304, 10 Civ. 2393 (SAS), *10-11 (S.D.N.Y. Aug. 26, 2010) ("[T]he claim Pillco raises, namely, that his sentence was excessive, is not cognizable on habeas review. Pillco's sentence was within the range of imprisonment and post-release supervision found in the New York Penal Law.").

Accordingly, Petitioner's claim is not cognizable and is dismissed.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2),  I decline to issue a certificate of

appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    May 23, 2011
          Rochester, New York